1 | Christopher C. McNatt, Jr. (SBN 174559)
cmcnatt@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 560
Pasadena, California 91101
Telephone: (626) 795-4700
Facsimile: (626) 795-4790

Adam C. Smedstad (SBN 303591)
asmedstad@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
3214 West McGraw Street, Suite 301F
Seattle, Washington 98199
Telephone: (206) 288-6192
Facsimile : (206) 299-9375

James A. Eckhart (SBN 321101)
jeckhart@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, Indiana 46204
Telephone: (317) 637-1777
Facsimile: (317) 687-2414

Attorneys for Defendants,
ROADRUNNER TRANSPORTATION SERVICES, INC. and
ROADRUNNER TRANSPORTATION SYSTEMS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN GARCIA, on behalf of himself and all others similarly situated,<br><br>　　　　　　　Plaintiff,<br>　　vs.<br><br>ROADRUNNER TRANSPORTATION SERVICES, INC., a Delaware corporation; ROADRUNNER TRANSPORTATION SYSTEMS, INC., a Delaware corporation; and DOES 1 to 10 inclusive,<br><br>　　　　　　　Defendants. | Case No.:_____<br><br>**DEFENDANTS' NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that Defendants Roadrunner Transportation Services, Inc. (Roadrunner), and Roadrunner Transportation Systems, Inc., hereby remove this case from the Superior Court of the State of California, County of Alameda, to the U.S. District Court for the Northern District of California. In support of this removal, Defendants state the following:

**1. The Action**. On May 13, 2020, Plaintiff, Julian Garcia, filed his Complaint for Damages and Demand for Jury Trial against Defendants Roadrunner Transportation Services, Inc., a Delaware Corporation; Roadrunner Transportation Systems, Inc., a Delaware Corporation; and DOES 1 through 10, inclusive, Case No. RG20061917 (the Complaint), in the Superior Court of Alameda, California. The Complaint asserts the following causes of action under California law: (1) Failure to Reimburse Employment Expenses; and (2) Violations of Calif. UCL (Bus. & Prof. Code §§ 17200 *et seq*.). Copies of all the pleadings and papers filed in the Superior Court of Alameda County, California of which Defendants are aware are attached as *Exhibit A-U*.

**2. Statutory Grounds for Removal.** This action is removable under 28 U.S.C. § 1441(a), which provides for the removal of state court civil actions over which United States district courts have original jurisdiction. As set forth below, this Court has original jurisdiction over this action under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d)(2), because the matter is a putative class action in which at least one putative plaintiff class member is a citizen of a different state than Defendants and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

**3. Citizenship of the Parties.** Upon information and belief, Defendants allege Plaintiff is a citizen of California. *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1086 (9th Cir. 2014) (holding parties asserting diversity jurisdiction can plead citizenship allegations based on information and belief); *see also Complaint*, ¶ 11 (asserting Plaintiff resides in California); *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) (holding removing defendant properly alleged based on information and belief that plaintiff was a California citizen, where plaintiff alleged California residency in complaint), *cert. denied*, 140 S. Ct. 2566 (2020). Roadrunner Transportation Services, Inc. is incorporated in Delaware and maintains its principal place of business in Wisconsin. Therefore, it is a citizen of Delaware and Wisconsin. 28 U.S.C. § 1332(c); *see also Hertz Corp. v.*

*Friend*, 559 U.S. 77 (2010). Roadrunner Transportation Systems, Inc. is incorporated in Delaware and maintains its principal place of business in Illinois. Therefore, it is a citizen of Delaware and Illinois. 28 U.S.C. § 1332(c); *see also Hertz Corp. v. Friend*, 559 U.S. 77 (2010). The unidentified "Doe" defendants are irrelevant to removability. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded"); *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1424 (9th Cir. 1989) (the naming of Doe defendants cannot defeat diversity jurisdiction). Accordingly, Plaintiff and Defendants are citizens of different states, and the diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied.

**4.     Class Action / The Aggregate Number of Putative Class Members – 28 U.S.C. §§ 1332(d)(5)(B).** A class action under CAFA is "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar state statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). This case is a class action under CAFA because Plaintiff seeks class certification pursuant to California's class action statute. *Complaint*, ¶¶ 33-34. Plaintiff defines his proposed class as follows:

> All persons who are or were Delivery Drivers performing delivery services for Roadrunner Transportation Services, Inc. and/or Roadrunner Transportation Systems, Inc. in the State of California while identified as the "Contractor" in an operative "Independent Contractor Local Agreement" (referred to as "Class Members") during the period commencing April 1, 2016 through certification of this matter as a class action ("Class Period").

*Complaint*, ¶ 33.

Roadrunner's business records indicate that more than 100 individuals have contracted with Roadrunner under an Independent Contractor Local Agreement and performed delivery services in California between April 1, 2016 to the present (Local Contractors). The aggregate number of putative class members therefore exceeds the requirements of 28 U.S.C. § 1332(d)(5)(B).

**5.     Amount in Controversy – 28 U.S.C. § 1332(a) and (d)(2).** Although Defendants deny all of Plaintiff's allegations, the amount in controversy exceeds the $5,000,000 jurisdictional

threshold. While Plaintiff acknowledged that he contracted with Roadrunner under an Independent Contractor Local Agreement, he alleges he was actually an employee. *Complaint*, ¶ 11. He further alleges that "[w]hile acting on the direct instruction of Defendants and discharging his duties for them, Plaintiff incurred necessary work-related expenses, including but "not limited to the cost of fuel, maintenance, repairs, and other vehicle operating costs; various forms of insurance; cellular telephones and related monthly services; costs of physical or medical examinations for employment; and tools and equipment." *Id.*, ¶ 41. He also alleges "Defendants have taken deductions from Delivery Drivers' compensation for certain of these employment related expenses, without reimbursement." *Id.*, ¶ 32. Plaintiff asserts claims under Cal. Lab. Code § 2802 and the Unfair Competition Law (Bus. & Profs. Code §§ 17200-09) and seeks to recover as damages the expenses he and the putative class incurred during their alleged employment with Defendants. *Id.*, ¶ 36-62.

Roadrunner has reviewed its business records to determine the amount placed in controversy by Plaintiff's claims for reimbursement of business expenses. To estimate the amount related to Plaintiff's request for reimbursement of fuel, Roadrunner reviewed records showing the miles associated with pickups and deliveries made by Local Contractors during the class period. Those records show that between May 16, 2016 to September 17, 2020, Local Contractors drove 7,568,818 miles in making pickups and deliveries. According to statistics from the U.S. Energy Information Administration, the average cost of diesel fuel in California between May 2016 and September 2020 was $3.46 per gallon. See Independent Statistics & Analysis, U.S. Energy Information Admin., California No 2 Diesel Ultra Low Sulfur (0-15 ppm) Retail Prices (Dollars per Gallon), available at https://www.eia.gov/dnav/pet/hist/LeafHandler.ashx?n=PET&s=EMD_EPD2DXL0_PTE_SCA_DPG &f=M. Additionally, based on statistics from the U.S. Department of Energy, delivery trucks, on average, consume 6.5 miles per gallon. *See* Average Fuel Economy by Major Vehicle Category, available at https://afdc.energy.gov/data/10310. Moreover, Roadrunner's safety department estimates that Local Contractors average 5.5 miles per gallon due to (1) the nature of Local Contractors' services (i.e., local pickups and deliveries in crowded urban areas as opposed to cross-country trips), (2) the fact that Local Contractors' generally drive older trucks with poorer fuel efficiency, and (3) the fact

that Local Contractors spend more time idling their engines. Therefore, Defendants' estimate that the amount placed in controversy by Plaintiff's claim for reimbursement of fuel expenses under Cal. Lab. Code § 2802 is at least $4,028,940.04 ((7,568,818 miles / 6.5 mpg) x $3.46 per gallon), and likely exceeds $4,761,474.60 ((7,568,818 miles / 5.5 mpg) x $3.46 per gallon).

Roadrunner has also reviewed its business records related to the deductions Roadrunner made from Local Contractors' compensation. Those records show that Roadrunner deducted the following from Local Contractors' compensation during the relevant time period:

- $74,012.20 related to accident deductibles.
- $258,217.10 related to truck leases.
- $4,724.28 related to base plates.
- $24,044.00 related to cargo insurance.
- $611,850.00 related to escrow deductions.
- $132,690.00 related to limited liability insurance.
- $249,880.00 related to non-trucking liability insurance.
- $865,086.00 related to occupational accident insurance.
- $39,112.14 related to truck rental charges and fees.
- $512,847.00 related to physical damage insurance.
- $144.00 related to permit fees.
- $10,686.10 related to physical and drug screen charges.
- $1,618.72 related to tires.
- $631,250.90 related to trailer rentals.

These total to $3,416,162.44.

Accordingly, the amount placed in controversy by Plaintiff's claim under Cal. Lab. Code § 2802 is at least $7,445,102.48 ($4,028,940.04 for fuel using 6.5 mpg and $3,416,162.44 for the deductions identified above), and likely exceeds $8,177,637.04 ($4,761,474.60 for fuel using 5.5 mpg and $3,416,162.44 for the deductions identified above).

Moreover, although not necessary to demonstrate the amount in controversy exceeds $5,000,000, Plaintiff's claim for attorney's fees also may be included in the amount in controversy. *See Fritsch v. Swift Transp. Co. of Az., LLC*, 899 F.3d 785, 794 (9th Cir. 2018). In class action cases in California, prevailing plaintiffs have requested, and courts have awarded, attorney fees in the range of 25%-33% of the overall recovery. *See Vasquez v Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491, 492 (E.D. Cal. 2010) (citing to five wage and hour cases where federal court judges approved fee awards that ranged from 30% to 33% and approving percentage of the fund award of 33% to class counsel); *see also Kastler v. Oh My Green, Inc.*, No. 19-CV-02411-HSG, 2019 WL5536198, at *7 (N.D. Cal. Oct. 25, 2019) (concluding that a defendant's estimate of attorney's fees using 25% of the putative class recovery reasonable) (citing *Cortez v. United Nat. Foods, Inc.*, No. 18-CV-04603-BLF, 2019 WL 955011, at *7 (N.D. Cal. Feb. 27, 2019) (citing several wage and hour cases using a 25% benchmark)). Therefore, the amount in controversy is at least $9,306,378.10 ($7,445,102.48 x 1.25), and likely exceeds $10,222,046.30 ($8,177,637.04 x 1.25). Accordingly, the $5 million jurisdictional threshold is satisfied.

6. **<u>Timeliness of Removal</u>.** The federal removal statute, 28 U.S.C. § 1446(b), imposes two deadlines on removal. First, if a case "stated by the initial pleading is removable on its face," a defendant must remove within 30 days of service of that pleading. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005); 28 U.S.C. § 1446(b)(1). Second, "if the case stated by the initial pleading is not removable," then the defendant may remove within 30 days after receiving "an amended pleading, motion, or other paper from which it may first be ascertained that the case is . . . removable." *Id.* § 1446(b)(3). Further, a defendant may remove at any time "outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013).

The Ninth Circuit applies a "bright-line" test to determine whether the initial complaint triggers a defendant's 30-day removal clock: the 30-day removal clock runs from the defendant's receipt of the initial complaint only if the complaint "affirmatively reveals on its face the facts necessary for federal court jurisdiction." *Harris*, 425 F.3d at 690-91 (emphasis added) (quotations

omitted). A complaint fails the "bright-line" test—and is thus "indeterminate"—if it neither alleges a specific class size or amount in controversy nor includes "figures clearly stated in [the] complaint" from which the defendant could calculate the class size or amount in controversy. *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013). This test absolves defendants from "mak[ing] extrapolations or engag[ing] in guesswork" to determine whether the 30-day removal clock is triggered. *Id.* at 1140.

Under the "bright-line" test, the Ninth Circuit has repeatedly held that a defendant is under no "duty to make further inquiry" into jurisdictional facts by investigating the complaint's allegations or reviewing its own files. *Harris*, 425 F.3d at 694; *Roth*, 720 F.3d at 1125; *Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 791 (9th Cir. 2018). A defendant "is not obligated to supply information" the plaintiff omits. *Kuxhausen*, 707 F.3d at 1141. And a defendant has no duty to investigate to determine jurisdictional facts, even if the complaint contains a "clue" to removability. *Harris*, 425 F.3d at 697.

Here, Defendants' removal was timely. Service of the Complaint did not trigger the 30-day removal clock because the Complaint was indeterminate as to both the class size and the amount in controversy. As shown above, Defendants could not ascertain that the class size exceeded 100 class members or that the amount in controversy exceeded $5 million on the face of the Complaint. Rather, Defendants had to consult business records to analyze whether the number of putative class members exceeded 100 and to calculate the amount in controversy. Because service of the Complaint did not trigger the 30-day removal clock, Defendants were entitled to remove at any time.

Defendants' Notice of Removal is therefore timely.

**7.** **<u>Notice of Removal to Adverse Parties and to State Court Clerk</u>.** Under 28 U.S.C. § 1446(d), Defendants will give written notice of this removal to Plaintiff and to the Clerk of the Superior Court of Alameda County, California. Specifically, promptly after filing this Notice of Removal, Defendants will file a Notice of Removal to Adverse Parties and State Court Clerk with the Clerk of the Superior Court of Alameda County, California (State Notice). Defendants will also serve a copy of the State Notice on Plaintiffs. A true and correct copy of the State Notice is attached as *Exhibit V*.

**8.** **<u>No Waiver.</u>** By filing this Notice of Removal, Defendants do not waive any available defenses.

Dated: October 5, 2020

SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.

By: */s/ Adam C. Smedstad*
Adam C. Smedstad
Attorney for Defendants,
ROADRUNNER TRANSPORTATION SERVICES, INC. and
ROADRUNNER TRANSPORTATION SYSTEMS, INC.

# PROOF OF SERVICE

**STATE OF INDIANA, COUNTY OF MARION**

I, **Sherry Parker**, am employed in the County of Marion, State of Indiana. I am over the age of 18 and not a party to the within action. My business address is 10 W. Market St., Ste. 1400, Indianapolis, Indiana 46204.

On October 5, 2020, I served the foregoing document described as **DEFENDANTS' NOTICE OF REMOVAL** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

√   **VIA E-MAIL FROM sparker@scopelitis.com TO:**

Aaron Kaufmann, (Bar No. 148580)
David Pogrel, (Bar No. 203787)
Giselle Olmedo, (Bar No. 294750)
Leonard Carder, LLP
1999 Harrison Street, Suite 2700
Oakland, California 94612
akaufmann@leonardcarder.com
dpogrel@leonardcarder.com
giselleolmedo@leonardcarder.com

√   **(STATE)** I declare under penalty of perjury under the laws of the State of Indiana that the above is true and correct.

√   **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 5, 2020, at Indianapolis, Indiana.

/s/ *Sherry Parker*
Sherry Parker

4823-7507-5528, v. 3