1

2

3

4                              IN THE UNITED STATES DISTRICT COURT

5                         FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7    JULIAN GARCIA,                              Case No. 20-cv-06918-MMC

8                    Plaintiff,

9           v.                                   **ORDER GRANTING DEFENDANTS'
                                                 MOTION TO TRANSFER VENUE**
10   ROADRUNNER TRANSPORTATION                   Re: Doc. No. 20
     SERVICES, INC., et al.,
11
                    Defendants.
12

13          Before the Court is a "Motion to Transfer Venue," filed February 10, 2021, by

14   defendants Roadrunner Transportation Services, Inc. and Roadrunner Transportation

15   Systems, Inc. (together, "Roadrunner").  Plaintiff Julian Garcia ("Garcia") has filed

16   opposition, to which Roadrunner has replied.  Having read and considered the papers

17   filed in support of and in opposition to the motion, the Court rules as follows.[1]

18                                         **BACKGROUND**

19          In the instant action, Garcia, who "worked as a Delivery Driver for [Roadrunner]

20   from approximately 2004 or 2005 to May 2017" (see Compl. ¶ 7), alleges Roadrunner

21   misclassified "the Delivery Drivers as 'Independent Contractors' rather than as

22   'employees'" (see id. ¶ 31).  Based thereon, Garcia, on May 12, 2020, filed his complaint

23   in the Superior Court of California, in and for the County of Alameda, asserting, on behalf

24   of himself and a putative class, two causes of action, specifically, "Reimbursement of

25   Business Expenses" and "Violations of the Unfair Competition Law."  On October 5,

26   2020, Roadrunner, citing the Class Action Fairness Act, removed the case to federal

27   ─────────────────────

28          [1] On March 16, 2021, the motion was taken under submission.

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1    court.  See 28 U.S.C. § 1332(d)(2).

2                                    **DISCUSSION**

3          By the instant motion, Roadrunner seeks an order, pursuant to 28 U.S.C

4    § 1404(a), transferring the above-titled action to the Eastern District of Wisconsin, in light

5    of a forum-selection clause contained in three "Independent Contractor Local

6    Agreement[s]" between Roadrunner and Garcia.[2]

7          As set forth in § 1404, a district court, "[f]or the convenience of parties and

8    witnesses, in the interest of justice, . . . may transfer any civil action to any other district

9    or division where it might have been brought or to any district or division to which all

10   parties have consented."  See 28 U.S.C. § 1404(a).  In deciding whether transfer is

11   appropriate, courts evaluate a number of factors, including the parties' "private interests"

12   and various "public-interest considerations."  See Atl. Marine Const. Co. v. U.S. Dist. Ct.

13   for W. Dist. of Texas, 571 U.S. 49, 62, n.6 (2013).  When a motion brought under

14   § 1404(a) is based on a forum-selection clause, however, courts "should not consider

15   arguments about the parties' private interests"; rather, they "may consider arguments

16   about public-interest factors only."[3]  See id. at 64.

17         In the instant case, each Agreement provides:

18         This Agreement shall be governed by the laws of the State of Wisconsin
19         both as to interpretation and performance, and any action pertaining thereto
           shall be brought and maintained exclusively in Courts located in Milwaukee
20         County, Wisconsin.

21   (See Dierks Decl., Ex. A ¶ 24; Smedstad Decl., Ex. M ¶ 23; Ex. N ¶ 23 (emphasis

22   added).)

23   _____

24         [2] The Court does not consider herein Roadrunner's additional request that
     Sanchez, et al. v. Roadrunner Transp. Serv., Inc., et al., Case No. 21-CV-890-MMC, a
25   related action pending before the undersigned, should be transferred to the Eastern
     District of Wisconsin along with the instant action.

26         [3] Public-interest factors include such matters as the "administrative difficulties
27   flowing from court congestion," the "local interest in having localized controversies
     decided at home," and the "interest in having the trial of a diversity case in a forum that is
28   at home with the law."  See Atl. Marine Const. Co., 571 U.S. at 62 n.6.

1    At the outset, the parties disagree as to whether the forum-selection clause is

2    applicable to the claims brought in Garcia's complaint.  In particular, Roadrunner argues

3    the term "pertaining thereto" applies to the words "[t]his Agreement" (see Reply at 2:7),

4    whereas Garcia argues the phrase refers only to the "interpretation and performance" of

5    the Agreement, issues not raised by his misclassification claims (see Opp. at 7:13-14).

6    In resolving that threshold issue, the Court is guided by "general principles for

7    interpreting contracts."  See Doe 1 v. AOL LLC, 552 F.3d 1077, 1081 (9th Cir. 2009)

8    (internal quotation and citation omitted).  The first of those principles is that "[c]ontract

9    terms are to be given their ordinary meaning."  See id.  Next, "when the terms of a

10   contract are clear, the intent of the parties must be ascertained from the contract itself."

11   See id. (internal quotation and citation omitted).  As set forth below, the Court finds the

12   "plain meaning," see id., of the phrase "pertaining thereto," read in context, is "pertaining

13   to the Agreement."

14   First, the structure of the sentence supports such interpretation.  As Roadrunner

15   points out, the subject of the sentence is "[t]his Agreement" not "interpretation and

16   performance."  Second, there appears no reason, either as a business or other practical

17   matter, for the parties to agree to have lawsuits relating to the Agreement tried in different

18   states depending on the particular claims asserted, and the parties have submitted

19   nothing to suggest they so intended.

20   Accordingly, the Court finds the phrase "pertaining thereto" means "pertaining to

21   the Agreement."

22   Turning to the scope of the clause's application, the Court notes there is no

23   dispute that the phrase "pertaining to" has the same meaning as the phrase "relating to,"

24   see Moore v. Lender Processing Servs., Inc., 2012 WL 12906123, at *2 (C.D. Cal. Feb.

25   24, 2012), or that the phrase "relating to," in turn, has been held to "appl[y] to any dispute

26   that has some logical or causal connection to the parties' agreement," see Yei A. Sun v.

27   Advanced China Healthcare, Inc., 901 F.3d 1081, 1086 (9th Cir. 2018).  Further, the

28   question presented here is "whether in classifying [Garcia] . . . as an independent

United States District Court
Northern District of California

3

1  contractor [Roadrunner] has violated the law," see Quinonez v. Empire Today, LLC, 2010

2  WL 4569873, at *3 (N.D. Cal. Nov. 4, 2010) (emphasis omitted), and "that question falls

3  within the scope of the forum selection clause, because it 'relates to' the contracts

4  entered into" by those two parties, see Perry v. AT & T Mobility LLC, 2011 WL 4080625,

5  at *4 (N.D. Cal. Sept. 12, 2011).

6  Accordingly, the Court finds Garcia's claims come within the scope of the forum-

7  selection clause.  The Court next addresses Garcia's argument that it would be

8  unreasonable to enforce the forum-selection clause in the instant case.

9  A clause is "controlling" unless the plaintiff makes "a strong showing" that "(1) the

10  clause is invalid due to fraud or overreaching, (2) enforcement would contravene a strong

11  public policy of the forum in which suit is brought, whether declared by statute or by

12  judicial decision, or (3) trial in the contractual forum will be so gravely difficult and

13  inconvenient that the litigant will for all practical purposes be deprived of his day in court."

14  See Sun, 901 F.3d at 1088 (internal quotation, citation, and alteration omitted).  Here, as

15  discussed below, no such showing has been made.

16  As to the first ground, "the party resisting enforcement must show that the

17  inclusion of that clause in the contract was the product of fraud or coercion."  See

18  Petersen v. Boeing Co., 715 F.3d 276, 282 (9th Cir. 2013) (emphasis in original) (internal

19  quotation and citation omitted).  Here, Garcia contends he was "presented . . . with only

20  the signature pages of the contract" and "told . . . that to continue working he had to sign."

21  (See Opp. at 20:8-10.)  Such argument, however, "go[es] only to the contract as a

22  whole," rather than to inclusion of the clause itself, and, consequently, is unavailing.  See

23  Richards v. Lloyd's of London, 135 F.3d 1289, 1297 (9th Cir. 1998).  Although Garcia

24  also points to his "not [being] a sophisticated business man" and "not hav[ing] education

25  beyond the 9th grade" (see Opp. at 20:4-6), such argument likewise is unavailing, as "a

26  differential in power or education," even on "a non-negotiated contract[,]" does "not vitiate

27  a forum selection clause," see Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1141 (9th

28  Cir. 2004).

United States District Court
Northern District of California

4

United States District Court
Northern District of California

1    As to the second ground, Garcia argues that, if the Wisconsin choice-of-law

2   provision is found applicable to the instant action, "the practical effect of enforcement of

3   the forum selection clause could be to deprive [him] . . . of the unwaivable statutory

4   entitlements of the [California] Labor Code."   (See Opp. at 22:8-10.)   A party challenging

5   enforcement of a forum-selection clause, however, "may not base [his] challenge on

6   choice of law analysis" and, as Garcia does no more than "speculate[ ] as to how the

7   transferee forum would ultimately resolve the issue of what substantive law should be

8   applied," he fails to demonstrate how enforcement would contravene a strong public

9   policy of California.   See Voicemail Club, Inc. v. Enhanced Servs. Billing, Inc., 2012 WL

10   4837697, at *3-4 (N.D. Cal. Oct. 10, 2012).

11    As to the third ground, "[w]here the parties have agreed to a forum-selection

12   clause, they waive the right to challenge the preselected forum as inconvenient or less

13   convenient for themselves or their witnesses, or for their pursuit of the litigation."   See

14   Sun, 901 F.3d at 1091 (internal quotation and citation omitted).   Consequently, Garcia's

15   argument that "travelling to Wisconsin would cause significant physical stress [and]

16   financial stress" (see Opp. at 21:6-7) is, under the circumstances, unavailing.

17    Accordingly, the Court finds the forum-selection clause is enforceable.

18    Lastly, the Court considers Garcia's argument that the public-interest factors weigh

19   against transfer.   Although, as noted, courts "may consider arguments about public-

20   interest factors," those factors "will rarely defeat a transfer motion."   See Atl. Marine

21   Const. Co., 571 U.S. at 64.   Here, Garcia "do[es] not identify any public[-]interest factors,

22   such as administrative difficulties or local interest, that would make this an exceptional

23   case in which the court should decline to [transfer] the case despite the presence of a

24   valid forum-selection clause."   See Sun, 901 F.3d at 1093 n.12.

25

26

27

28   //

5

1

**CONCLUSION**

2      Accordingly, the motion to transfer is hereby GRANTED, and the above-titled

3   action is hereby ordered TRANSFERRED to the United States District Court for the

4   Eastern District of Wisconsin.

5      **IT IS SO ORDERED.**

6

7   Dated: July 20, 2021

_____
MAXINE M. CHESNEY
United States District Judge

8

9

10

11

United States District Court
Northern District of California

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28